UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> V.    ) <br> ) <br> DARIO DAVIS, ) <br>     a.k.a. "D," and ) <br> ) <br> TREVOR FERGUSON, ) <br>     a.k.a. "Shub," ) <br>     a.k.a. "Shubba," ) <br>     a.k.a. "730," ) <br> ) <br>     **Defendants.** ) | Crim. No.s    1:12-cr-266-04 (RWR) <br>                   1:12-cr-266-05 (RWR) <br><br> **FILED UNDER SEAL** |

**GOVERNMENT'S MOTION TO EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT**

**I.   Introduction**

The United States by and through its attorney, the United States Department of Justice, Narcotic and Dangerous Drug Section, hereby respectfully moves this Court to continue to exclude time from the calculation of when this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). As set forth herein, the Speedy Trial Act specifically authorizes the Court to exclude a reasonable period of delay, when Defendants are joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted. *See* 18 U.S.C. § 3161(h)(6). In the instant case, the Defendants DAVIS and FERGUSON have two co-defendants, hereinafter Co-defendant 1 and Co-defendant 2)[1] pending extradition to the United States from Colombia at this time. The United States asks that the requested exclusion of time under the Speedy Trial Act begin from the date of the next

---

[1] The criminal cases of Co-defendant 1 and 2 remain under seal at this time, per sealing order of District of Columbia Magistrate Judge Facciola dated December 12, 2012. As a result, Co-defendants 1 and 2 will not be identified by name in this motion.

status hearing in this case, currently scheduled for April 16, 2013, and run until both Co-defendants 1 and 2 are arraigned in this Court upon extradition to the United States.[2] The Government has contacted defense counsel for both Defendants DAVIS and FERGUSON regarding whether they will oppose this motion or not, however at this time neither defense counsel was able to communicate his/her client's decision regarding the motion to the Government. In support of the instant motion to exclude time under the Speedy Trial Act, the Government states the following:

## II.   Factual Background

On March 12, 2013, during the first status hearings for Defendants DAVIS and FERGUSON in this case, the Government orally moved the Court to exclude time under the Speedy Trial Act based on the pending extraditions of Co-Defendants 1 and 2. Through a sealed, ex parte conference at the bench, the Government orally informed the Court of the status of the Government's attempts to arrest Co-defendants 1 and 2, as well as a third co-defendant. During that status hearing, Defendants DAVIS and FERGUSON did not oppose the exclusion of time under the Speedy Trial Act until the next scheduled status hearing in this case, currently scheduled for April 16, 2013, based on the need to receive and review discovery in this case.

---

[2] At this time, the Government is preparing a mutual legal assistance treaty ("MLAT") request to Colombia for official copies of documents of which the Government is in possession of informal copies obtained through law enforcement channels in this case. Additionally, in that MLAT request, the Government will seek additional materials, including Colombian agent case files, as needed to prepare for trial in this case. Furthermore, the Government will also seek in that MLAT request permission for Colombian law enforcement personnel to testify at trial in the United States in connection with this case. As a consequence, although the Government is not seeking at this time to exclude time under the Speedy Trial Act on the ground of a pending official request for evidence in a foreign country pursuant to 18 U.S.C. § 3161(h)(8), the Government may seek to file such a motion on that ground in the future.

The Court granted the Government's oral motion to exclude time, finding that the Defendants needed time to review discovery to determine whether pretrial disposition of the cases was possible.  Consequently, the Court ordered time excluded until the next status hearing.  At this time, for the reasons stated below, the Government seeks to continue to exclude time under the Speedy Trial Act for both Defendants DAVIS and FERGUSON.

The Defendants DAVIS and FERGUSON, and three co-defendants, including Co-defendants 1 and 2, were indicted in criminal case number 12-cr-266 (RWR) on December 12, 2012, by a federal grand jury in the District of Columbia.  The indictment charged five defendants, including DAVIS, FERGUSON, and Co-defendants 1 and 2, with conspiring to distribute, and possess with intent to distribute, five kilograms or more of cocaine on board an aircraft owned by a United States citizen and registered in the United States, and aiding and abetting, in violation of  21 U.S.C. §§ 959(b), 960 and 963, and 18 U.S.C. § 2.  The Indictment also includes forfeiture allegations naming all five defendants.  On December 12, 2012, Magistrate Judge John Facciola, United States Magistrate Judge for the District of Columbia, ordered the issuance of warrants for the arrest of all five defendants on the charges in the Indictment.

On February 26, 2013, pursuant to an extradition treaty with Colombia, the United States submitted provisional arrest requests to Colombia seeking the arrests of Co-defendants 1 and 2 pending the submission of extradition documents.  Between March 18 and March 26, 2013, Co-defendants 1 and 2 were arrested in Colombia pursuant to those requests.  At this time, the Government is preparing formal extradition documents for Co-defendants 1 and 2.  The formal extradition requests will be submitted to Colombia on or before the Treaty deadlines of May 17

and May 24, respectfully, for Co-defendants 1 and 2.

Defendants DAVIS, FERGUSON, and their three co-defendants, including Co-defendants 1 and 2, are members of a high-level drug transportation organization responsible for transporting on board aircraft registered in the United States multi-hundred kilogram quantities of cocaine. As a result of email communications obtained pursuant to federal search warrants in this investigation, lawful wiretaps in Colombia, information from confidential sources, consensually-recorded conversations, and documents and photographs provided to the Government by Bahamian, Haitian and Colombian law enforcement authorities, the Government learned that, between May 2011 and December 2012, the Defendants DAVIS and FERGUSON, Co-defendants 1 and 2, and others arranged to transport between 2,400 and 4,500 kilograms of cocaine on-board the United States registered aircraft bearing tail number N157PA (hereinafter, "the N157PA aircraft") from the Colombia-Venezuela border to Honduras.

Specifically, the Government learned that DAVIS agreed with his co-conspirators, including FERGUSON, Co-defendant 1, and Co-defendant 2, to be the pilot of the N157PA aircraft on its flights to acquire and transport the cocaine shipments, and that DAVIS was to be paid approximately $100,000 United States Dollars (USD) for his participation in this drug-transportation venture. The Government learned that FERGUSON agreed to help locate a suitable aircraft for the drug-transportation venture, to assist in paying the lease for the aircraft, and to arrange the logistics for the flights using the N157PA aircraft to acquire and transport the cocaine shipments. The United States also learned that FERGUSON was to be paid in excess of $100,000 USD for his participation in the unlawful scheme.

On May 24, 2012, after flying the N157PA aircraft from the Bahamas to Haiti to acquire

fuel en route to the Colombia-Venezuela border to obtain the cocaine, DAVIS and FERGUSON were arrested for unauthorized use of an aircraft. Haitian authorities seized the N157PA aircraft at that time as well. DAVIS and FERGUSON were expelled to the United States in connection with this case on March 5, 2013. Neither DAVIS nor FERGUSON were detained in Haiti on United States charges prior to their expulsion to the United States on March 5, 2013, for prosecution in this case.

### III. Legal Analysis

**A. The Time Until Co-defendants 1 and 2 Have Been Brought To The United States And Joined For Trial Should Be Excluded Under The Speedy Trial Act.**

The government requests that the time until Co-defendants 1 and 2 have been brought to the United States and joined for trial be excluded from the speedy trial clock. The Act states that "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(h)(6). That provision has been interpreted by the Supreme Court to mean "all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986). *See also United States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997), *cert. denied*, 523 U.S. 1012 (1998) ("in a multi-defendant prosecution . . . the Speedy Trial clock begins to run when the last co-defendant makes his initial appearance in court"); *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994), *cert. denied*, 514 U.S. 1052 (1995) (noting that the "established rule" is "that the speedy trial clock begins to tick on the date the last codefendant appears"); *United States v. Davenport*, 935 F.2d 1223, 1229-

1230 (11th Cir. 1991) (noting that "the government correctly contends . . . that the speedy trial clock did not begin to run until August 31, 1998, because all of appellant's codefendants had not been apprehended"). In *United States v. Parga-Rivas*, 689 F.Supp. 2d 25, 28 (D.D.C. 2009) (Collyer, J.), this Honorable Court noted that the absence of co-defendants qualifies for an exclusion of speedy trial time, because "the desirability of trying the co-defendants together – with its concomitant savings of trial preparation time, witness time, foreign travel, court time, and jurors' time – made it quite reasonable to await the arrivals of the remaining two defendants [who were pending extradition]." (Citations omitted.) *See also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982), *cert. denied*, 464 U.S. 838 (noting Congressional recognition of the "utility of multi-defendant trials" as "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time").

While *Parga-Rivas* involved defendants already captured and pending extradition from Colombia, other courts have suspended the speedy trial time where the government was continuing its attempt to locate a fugitive co-defendant. In *United States v. Tobin*, 840 F.2d 867 (11th Cir. 1988), the Court found, in a drug conspiracy and possession with intent to distribute case, that the exclusion of eight months and ten days based upon an unsuccessful effort to capture a fugitive co-defendant was reasonable. The court reasoned that under the "totality of the circumstances," the delay was necessary to determine if the goal of a single joint trial could be met and that the defendant was not prejudiced, "particularly in terms of impairing his ability to defend himself." *Tobin*, 840 F.2d at 869. *See also United States v. Register*, 182 F.3d 820, 827-828 and n. 8 (11th Cir. 1999), *cert. denied*, 531 U.S. 849 (2000) (holding that a 38 month delay,

while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants, the return of several superseding indictments, the complex nature of the charges and issues involved and the fact that both parties bore some responsibility for the delay).  In *United States v. Franklin*, 148 F.3d 451, 454-458 (5th Cir. 1998), the Court found that excluding 134 days while police searched for a fugitive co-defendant was reasonable in order to permit a joint trial of defendants in a drug conspiracy case.  The Court stated that "[t]he utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Franklin*, 148 F.3d at 457 (internal quotations omitted).

      The interests stated above clearly support the exclusion of time under the Speedy Trial Act in this case, until such time as Co-defendants 1 and 2 have been brought to the United States to face prosecution and trial with Defendants DAVIS and FERGUSON.  Co-defendants 1 and 2 and Defendants DAVIS and FERGUSON were charged at the same time in a single conspiracy, and the government is expected to put on a single array of evidence and call a single group of witnesses (most of them foreign witnesses) to testify about the conspiracy.  Thus, the interests of judicial economy strongly weigh in favor of a single trial in this case.  Furthermore, the burden of multiple trials here would be enormous given the substantial costs and time-consumption that would undoubtedly result from having to bring numerous law enforcement witnesses from Colombia, Haiti, and the Bahamas and possibly additional foreign countries, as well as from various parts of the United States to the District of Columbia for even a single trial.  No less significant, witness safety could be severely compromised if confidential sources who assisted in

the investigation are called upon to testify and are forced to do so at multiple trials.

Accordingly, the government respectfully requests at this time that this Court toll the running of the Speedy Trial Act, from the next status hearing in this case for Defendants DAVIS and FERGUSON, currently scheduled for April 16, 2013, until such time as Co-defendants 1 and 2 are brought to the United States and joined for trial, pursuant to 18 U.S.C. § 3161(h)(6).

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court grant the instant motion and exclude time pursuant to the Speedy Trial Act because the Defendant are joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted, 18 U.S.C. § 3161(h)(6).

Respectfully submitted this 12th day of April 2013.

                              ARTHUR WYATT, Chief
                              Narcotic and Dangerous Drug Section

By: _____/s/_____
     Paul Joseph (D.C. Bar # 448495)
     Trial Attorney
     Narcotic and Dangerous Drug Section
     U.S. Department of Justice / Criminal Division
     145 N Street, Northeast
     Second Floor, East Wing
     Washington, DC 20530
     Office: (202) 514-9644
     Fax: (202) 514-0483
     Paul.Joseph2@usdoj.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 11th day of April 2013, I sent the foregoing GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT to Dani Jahn, Attorney, Federal Public Defender, Counsel for Defendant DARIO DAVIS, and Joseph Roll Conte, Attorney, Counsel for Defendant TREVOR FERGUSON, by e-mail to Ms. Jahn's and Mr. Conte's e-mail addresses, dani_jahn@fd.org and dcgunlaw@gmail.com, respectively.

              Respectfully submitted,

              ARTHUR WYATT, Chief
              Narcotic and Dangerous Drug Section

By:   _____/s/_____

              Paul Joseph (D.C. Bar # 448495)
              Trial Attorney
              Narcotic and Dangerous Drug Section
              U.S. Department of Justice / Criminal Division
              145 N Street, Northeast
              Second Floor, East Wing
              Washington, DC 20530
              Office: (202) 514-9644
              Fax: (202) 514-0483
              Paul.Joseph2@usdoj.gov